<div style="border: 1px solid black; padding: 10px;">
**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**
</div>

| | |
|---|---|
| **ERIC FLORES,** | |
| Plaintiff, | 1:15-cv-00031 |
| v. | |
| **UNITED STATES ATTORNEY GENERAL and FEDERAL BUREAU OF INVESTIGATION,** | |
| Defendants. | |

**TO:** Eric Flores, *Pro Se*
200 W. Mockingbird Lane
Austin, TX  78745
Joycelyn Hewlett, AUSA

## REPORT AND RECOMMENDATION

THIS MATTER was referred to the undersigned by Order (ECF No. 12) of Chief District Judge Wilma A. Lewis for a report and recommendation upon Defendants' Motion to Dismiss (ECF No. 10).  The time for filing a response to the said motion has expired.

Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and improper venue. Memorandum in Support of Defendants' Motion to Dismiss (hereinafter, Memorandum or Mem.) at 2-3.  Defendants also note that Plaintiff has filed numerous similar complaints in other jurisdictions that have been dismissed.

**DISCUSSION**

It cannot be disputed that, pursuant to Federal Rules of Civil Procedure Rule 8,

*Flores v. United States Attorney General*
1:15-cv-00031
Order
Page 2

>A pleading that states a claim for relief must contain:
>
>>(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>>
>>(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>>
>>(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff's 63-page complaint is not only "lengthy and disorganized," *Flores v. United States Attorney General*, Case No. 2:15-cv-653-FtM-99CM, 2016 WL 3647174 at *2 (M.D. Fla. June 10, 2016), it is "unintelligible and is basically a rambling narrative." *Flores v. United States Attorney General*, Civil No. 0:15-CV-086-HRW, 2015 WL 6680848 at *1 (E.D. Ky. Nov. 2, 2015).

In addition, Plaintiff fails to state a claim upon which relief can be granted. As stated in *Flores v. United States Attorney General*, Civil. No. 15-1899 (JNE/JSM), 2015 WL 4208703 at *1 (D. Minn. July 10, 2015):

>A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S. 544, 570 (2007). . . . In this case, plaintiff has not alleged any specific facts relating to either of the named defendants. Instead, plaintiff merely states that unnamed "executive employees of the federal government," who have violated his constitutional rights, are "acting in concert with the United States Attorney General." Complaint 1–1, p. 23. He provides no factual basis for this allegation and never even identifies the specific Attorney General who supposedly the unnamed executive employees were acting in concert.

*Id*. at *3.

*Flores v. United States Attorney General*
1:15-cv-00031
Order
Page 3

Moreover, as is readily apparent by the above citations, this is not the only time Plaintiff has attempted to bring these same claims into court. The United States District Court for the Eastern District Court of Kentucky lists and describes several other similar complaints filed by Plaintiff in other district courts. *Id*. at 2.[1] Thereafter, the Kentucky court declares: "[G]iven Flores's extensive litigation history, including the filing of virtually the identical Complaint filed herein in many other U.S. District Courts across the country, . . . no other conclusion can be drawn except that the instant action is yet another frivolous, malicious, vexatious, and abusive suit." *Id*. at 3. The undersigned urges the same conclusion, here.

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 10) be **GRANTED**.

Any objection(s) to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

---

[1] *See also, e.g., Flores v. United States Attorney General*, No. 3:15-cv-00217-RCJ, 2015 WL 3949090 (D. Nev. June 29, 2015) (*cited in Flores v. United States Attorney General*, Civil. No. 15-1899 (JNE/JSM), 2015 WL 4208703 at *1 (D. Minn. July 10, 2015)); *Flores v. United States Attorney General*, No. CV 15-32-H-DLC-JTJ, 2015 WL 3650038 at *1-2 (D. Mont. June 11, 2015) (where the court describes Flores's allegations as "fantastic, delusional, and frivolous" and cites other cases); *Flores v. United States Attorney General*, CIVIL ACTION NO. 1:14-CV-198, 2015 WL 1088782 at *3 (E.D. Tex. Mar. 4, 2015) (where the court's "review of PACER confirms that this number [of similar lawsuits filed in other jurisdictions] has actually reached approximately 140 similar lawsuits").

*Flores v. United States Attorney General*
1:15-cv-00031
Order
Page 4

                                              ENTER:

Dated: September 30, 2016                  /s/ George W. Cannon, Jr.
                                              GEORGE W. CANNON, JR.
                                              MAGISTRATE JUDGE