## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

ERIC FLORES,                              )
                                     )
    Plaintiff,           )
    v.                   )
                                     )   Civil Action No. 2015-0031
UNITED STATES ATTORNEY GENERAL,          )
FEDERAL BUREAU OF INVESTIGATION,         )
                                     )
    Defendants.          )
_____)

**Appearances:**
**Eric Flores,** *Pro Se*
El Paso, TX

## ORDER ADOPTING IN PART AND MODIFYING
## REPORT AND RECOMMENDATION
## AND DISMISSING PETITION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge George W. Cannon, Jr. filed on September 30, 2016. (Dkt. No. 13).[1] In his R&R, Magistrate Judge Cannon recommended that the Motion to Dismiss, filed by Defendants United States Attorney General and Federal Bureau of Investigation ("FBI") (together, the "Government") be granted on the grounds that Flores' sixty-three page Complaint is unintelligible, does not meet the pleading requirements of Fed. R. Civ. P. 8, and fails to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). *Id*.

---

[1] Pursuant to an Order entered on May 19, 2016 (Dkt. No. 12), this Court referred Defendants' Motion to Dismiss (Dkt. No. 10) to Magistrate Judge Cannon for a Report & Recommendation.

Flores, who resides in Texas, has attempted to bring his Complaint as a class action on behalf of himself and eighteen other Mexican-American citizens of the United States (some of whom are deceased), alleging that the Government is unlawfully interfering with religious practices, marriages, criminal investigations, and freedom of speech. (Dkt. No. 1). Flores claims that "[t]he organized group of executive employees of the federal government . . . used advanced technology with a direct signal to the satellite in outerspace that has the capability of calculat[]ing a genetic code to cause the petitioner severe mental pain for long durations exceeding calendar years[.]" (Dkt. No. 1 at 10).[2]

In its Memorandum in support of its Motion to Dismiss, the Government asserted that: (1) the Complaint must be dismissed for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and improper venue. (Dkt. No. 11). The Government notes that numerous courts have dismissed the same Complaint Flores filed here as frivolous, implausible, and lacking any cognizable legal theory, even if liberally construed. (*Id*. at 6-7).

In his R&R, Magistrate Judge Cannon quotes from other cases where "similar complaints filed by [Flores] in other district courts" have been dismissed, finding that Flores "'has not alleged any specific facts relating to either of the named defendants,'" but merely states that unnamed executive employees of the federal government were "'acting in concert with the United States Attorney General'"—claims for which Flores provided no factual basis either in those complaints or in the one at issue. (Dkt. No. 13 at 2, 3) (quoting *Flores v. U.S. Att'y Gen*., 2015 WL 4208703, at *1 (D. Minn. July 10, 2015)). As in those other cases filed by Flores, the R&R also finds Plaintiff's sixty-three page Complaint to be "'lengthy and disorganized'" (*id*. at 2, quoting *Flores*

---

[2] On the day Flores filed his Complaint, he also filed a Motion to Transfer all of his pending civil actions to the District of Columbia. (Dkt. No. 2).

*v. U.S. Att'y Gen.*, 2016 WL 3647174, at *2 (M.D. Fla. June 10, 2016)), and '"unintelligible and . . . basically a rambling narrative"' *id.* (quoting *Flores v. U.S. Att'y Gen.*, 2015 WL 6680848, at *1 (E.D. Ky. Nov. 2, 2015)), and thus violative of Rule 8(a) of the Federal Rules of Civil Procedure.

This Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made pursuant to 28 U.S.C. § 636(b)(1)(C). Objections to Magistrate Judge Cannon's R&R were due within fourteen days after Plaintiff Flores was served with a copy, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that a copy of the R&R was mailed to Flores at the address on file on September 30, 2016 by certified mail, return receipt requested. (Dkt. No. 14). On October 14, 2016, the certified mail return receipt was returned unsigned (Dkt. No. 15), and on October 18, 2016, the Court's envelope containing the R&R was returned as undeliverable. (Dkt. No. 16). Flores did not inform the Court of any change in his address.

Where—as here—no objections to an R&R have been filed, the Court reviews the R&R under the "plain error" standard. *Roman v. Overmyer,* 2017 WL 517813, at *1 n.1 (E.D. Pa. Feb. 8, 2017). Under this standard of review, "an R&R should only be rejected if the magistrate judge commits an error that was '(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007)).

While the Court agrees with the findings of the Magistrate Judge and the ultimate conclusion reached that the petition should be dismissed, the Court will modify the R&R because the Magistrate Judge neglected to consider and find that the Court does not have subject matter jurisdiction over Flores' petition.

It is well-established that when a motion to dismiss is based on lack of subject matter jurisdiction, pursuant to Fed. R. Civ. 12(b)(1), as well as other grounds such as Fed. R. Civ. P. 12(b)(6)—such as were asserted in the Government's Motion to Dismiss (Dkt. No. 10)—courts must first address the subject matter jurisdiction issue, rather than assuming jurisdiction that it may not have. *See Soc'y Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 175 (3d Cir. 2000) (citing *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94, 101 (1998)). Accordingly, the Court will address the Government's subject matter jurisdiction argument first.

Flores seeks damages from the Government on the grounds that unnamed federal officials conspired to violate his and others' First Amendment rights. He named the FBI as a Defendant and did not list any individual FBI agents in the caption or body of the Complaint. While the Supreme Court in *Bivens,* 403 U.S. at 389-91, has recognized a cause of action for constitutional violations committed by federal agents sued for monetary damages in their individual capacities, it has declined to imply a similar cause of action directly against federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 473 (1994); *see also Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 71-72 (2001) (refusing to extend *Bivens* and noting with respect to constitutional violations that the "only remedy lies against the individual" and not the individual's employer, the federal agency, or the United States); *Twillie v. Ohio*, 351 F. App'x 596, 597 (3d Cir. 2009) (affirming that *Bivens* claim could not be maintained against federal agency such as the FBI). Consequently, it would be improper to allow the Complaint to proceed as a viable cause of action against the FBI as an agency.

With regard to Flores' claims against the U.S. Attorney General, it is difficult to determine from the sixty-three page Complaint the claims he seeks to lodge against him, as his focus is on an unspecified "organized group of executive employees of the federal government" who have purportedly committed constitutional torts in their official capacities. The Court cannot find any

claim Flores makes specifically against the U.S. Attorney General. Moreover, Flores describes Defendants' "liability in official capacity for constitutional deprivation of First Amendment right to freedom of speech" and asserts that his claims are against "individuals in [their] *official* capacity." (Dkt. No. 1 at 51, 53) (emphasis added). *Bivens* actions cannot be brought against a federal official in his or her official capacity. *Debrew v. Auman*, 354 F. App'x 639, 641 (3d Cir. 2009) (observing that no *Bivens* claims could properly be brought against defendant federal officials in their official capacities, and citing *Consejo de Desarrollo Economico de Mexicali, A.C. v. United State*s, 482 F.3d 1157, 1173 (9th Cir. 2007)). Accordingly, Flores' claims against Defendant U.S. Attorney General are also barred by the doctrine of sovereign immunity. *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007).

The Court therefore lacks subject matter jurisdiction over Flores' claims against the FBI and Attorney General based on the doctrine of sovereign immunity, and modifies the Report and Recommendation accordingly.

The Court recognizes that claims brought by *pro se* litigants are to be construed liberally. *Moody v. Conroy*, __ F. App'x __, 2017 WL 775823, at *2 (3d Cir. Feb. 28, 2017) (citing *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003)). In that regard, to the extent that Flores may be asserting any other claims in his prolix and unintelligible Complaint, the Court adopts the Magistrate Judge's Report and Recommendation that found that Flores has failed to state a claim upon which relief can be granted, and that his Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure.

For the reasons stated above, it is hereby

**ORDERED** that Magistrate Judge Cannon's Report and Recommendation is **ADOPTED IN PART AND MODIFIED IN PART**; and it is further

**ORDERED** that Defendants' Motion to Dismiss (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Flores' Motion to Transfer (Dkt. No. 2) is **DENIED AS MOOT**; and it is further

**ORDERED** that Flores' Complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court shall mark this case **CLOSED**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Plaintiff Eric Flores by certified mail, return receipt requested.

**SO ORDERED**.

Date: March 28, 2017                                 _____/s/_____
                                                      WILMA A. LEWIS
                                                      Chief Judge